Argued and submitted December 12, 1988, affirmed March 1, 1989

FARLEY,
*Petitioner,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(MVD 15 870814 6130; CA A47759)

769 P2d 781

John W. Lundeen, Lake Oswego, argued the cause and filed the brief for petitioner.

Meg Reeves, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

Petitioner seeks review of a Motor Vehicles Division (MVD) order that suspended his driving privileges. He contends that MVD had no statutory authority to suspend his license, that he did not receive adequate notice of the basis for the suspension, and that MVD erred in setting the period during which he must provide proof of financial responsibility. We affirm.

The following facts are undisputed. On May 22, 1986, petitioner was convicted, on his plea of guilty, of driving under the influence of intoxicants (DUII). As a result of that conviction, MVD suspended his license for one year. ORS 813.400. On May 22, 1987, his driving privileges were restored. On August 1, 1987, MVD sent petitioner a notice of suspension, that stated, in relevant part:

> "We have been notified by your auto insurance company that the proof of future financial responsibility which you are required to keep on file with us has been cancelled. Based on this information, your driving privilege will be suspended by the Motor Vehicles Division (DMV) beginning at 12:01 AM on the morning of August 31, 1987.

> "This suspension is ordered under Oregon Revised Statutes (ORS) 809.360(4), 809.410(10) and 806.240.

> "You have a right to a hearing on this suspension. * * *

> "IF DMV receives the proof of future financial responsibility before the suspension begins, we will stop this suspension."

Petitioner requested a hearing. After the hearing, the referee suspended his license "until Petitioner complies with future responsibility filings."

Petitioner argues, first, that MVD lacked authority to suspend his license for failure to file proof of financial responsibility after his driving privileges had been fully restored on May 22, 1987. We disagree. ORS 813.400(1) authorized and, indeed, required MVD to suspend petitioner's driving privileges when he was convicted of DUII. ORS 813.400(2) compelled future responsibility filings.[1] The statute provides, in

---

[1] ORS 801.290 defines "future responsibility filing" as

"the requirement described under ORS 806.240 to file and maintain proof of compliance with financial responsibility requirements with the division."

pertinent part:

> "Driving any vehicle upon any highway or on premises open to the public while under the influence of intoxicants constitutes grounds for suspension of driving privileges. The following apply to this section:

> "(1) Upon receipt of a record of conviction for an offense described in this section, *the division shall suspend the driving privileges* or right to apply for driving privileges.

> "(2) The suspension shall be for a period described under schedule II of ORS 809.420, *except the division shall not reinstate any driving privileges to the person until the person complies with future responsibility filings."* (Emphasis supplied.)

As petitioner concedes, MVD had authority to require him to make a future responsibility filing *before* he regained his license. The only question is whether MVD could impose that requirement *after* May 22, 1987.

*Former* ORS 806.240(1) and *former* ORS 806.250[2] governed when MVD's authority ended. As relevant here, those statutes provided:

> "(1) The person required to make the [future responsibility] filing must file, or have filed for the benefit of the person, proof that meets the requirements of this section *and must maintain the proof as long as required under ORS 806.250." Former* 806.240(1). (Emphasis supplied.)

> "The division shall terminate the requirement that a person maintain future responsibility filings according to this section * * *. The authority of the division to terminate future responsibility filing requirements * * * is subject to the following:

> "(1) [T]he division shall terminate requirements for a future responsibility filing under any of the following circumstances:

> "* * * * *

> "(b) On the request of the person on whose behalf such proof was furnished if:

> "(A) *More than three years have passed from the date such proof was required * * *." Former* ORS 806.250. (Emphasis supplied.)

---

[2] *Former* ORS 806.250 has since been amended and renumbered. Or Laws 1987, ch 258, § 5; ORS 806.245. ORS 806.240(1) was amended to reflect that renumbering.

Under ORS 813.400(2), MVD ought not to have reinstated petitioner's license until he had complied with future responsibility filings; under *former* ORS 806.240(1), petitioner had to maintain the proof for as long as *former* ORS 806.250 required; under *former* ORS 806.250, MVD could impose the filing requirement for three years. Thus, contrary to petitioner's argument, the future responsibility filing was not a one-time act. Rather, petitioner had to file *and maintain* the filing.

ORS 809.410(10) and ORS 806.240(5) required MVD to suspend petitioner's license when it learned that his proof of financial responsibility (that is, his liability insurance) had been cancelled. ORS 809.410(10) provides:

"Failure to make future responsibility filing described in this subsection constitutes grounds for suspension of driving privileges. The following apply to this subsection:

"(a)  The division shall suspend the driving privileges or right to apply for driving privileges of a person who fails to comply with future responsibility filings whenever required under the vehicle code or to provide new proof for future responsibility filings when requested by the division.

"(b)  The suspension shall continue until the person complies with future responsibility filings."

ORS 806.240(5) requires suspension of driving privileges whenever the proof filed no longer meets the requirements of the statute and other, adequate proof is not furnished. ORS 809.410(10) and ORS 806.240(5) mandated suspension of petitioner's license if at any time while he was required to maintain adequate proof he failed to do so. Accordingly, MVD had authority to suspend petitioner's license.

■      Next, petitioner contends that the suspension notice was insufficient, because it failed to comply with ORS 183.415(2)(b) and (c). ORS 183.415 provides, in relevant part:

"(1)  In a contested case all parties shall be afforded an opportunity for hearing after reasonable notice, served personally or by registered or certified mail.

"(2)  The notice shall include:

"* * * * *

"(b)  A statement of the authority and jurisdiction under which the hearing is to be held;

"(c)    A reference to the particular sections of the statutes and rules involved * * *."

Specifically, petitioner complains that MVD's failure to include references to *former* ORS 806.250 and ORS 813.400 rendered the notice fatally defective. The notice cited (among other statutes) *former* ORS 806.240, which, in turn, referred to *former* ORS 806.250. That being so, petitioner was informed of the applicability of the latter statute. ORS 813.400, which authorized the original DUII suspension and imposed the condition of future responsibility filings initially, need not have been cited, because *this* suspension for failure to make such a filing rested upon ORS 809.410(10) and *former* ORS 806.240. The notice was adequate.

Finally, petitioner asserts in the alternative that the referee erred when he wrote, in the "opinion" section of the final order:

"The three year requirement begins when the requirement to comply with future responsibility filings begins, i.e., when the underlying suspension ends."

Petitioner argues that the three years began in 1986, when he theoretically first became eligible to regain an occupational or hardship permit, rather than on May 22, 1987.

The argument is premature. The *order* actually only suspends petitioner's license; it does not set the duration of the filing requirement. Even under petitioner's theory, the three-year period will run until mid-1989. At that time, he may ask to have the filing requirement removed. If MVD refuses, petitioner may request a hearing and, if necessary, seek judicial review.

Affirmed.